UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL MOREIRA,                          :
             *Plaintiff,*                    :
                                            :
VS.                                       :   C.A. No. 1:22-cv-00209-MSM-LDA
                                            :
DANIEL DOLAN, JR., AND THE CITY           :   **PLAINTIFF HEREBY DEMANDS**
OF PAWTUCKET, by and through its          :   **A JURY TRIAL**
Treasurer Christopher Rosa,
             *Defendants.*                   :

## AMENDED COMPLAINT

### Introduction

1.     This is a civil rights action brought by Plaintiff Michael Moreira under 42 U.S.C. § 1982 against Defendants Daniel Dolan, Jr. and the City of Pawtucket for the use of unreasonable force in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution. On July 10, 2019, while serving on the Pawtucket police force and working paid detail, Officer Dolan repeatedly punched and used an unlawful chokehold against Mr. Moreira, even though Mr. Moreira had not broken the law. Officer Dolan attacked Mr. Moreira because Mr. Moreira had complained to Officer Dolan that a utility truck had parked in Mr. Moreira's residential driveway after Mr. Moreira explicitly had declined to give the utility workers permission to park there. When Officer Dolan told Mr. Moreira it was up to Mr. Moreira to "make the call" to have the utility truck move, Mr. Moreira asked for Officer Dolan's badge number. Mr. Moreira said he intended to call Officer Dolan's superiors. Officer Dolan responded by charging at Mr. Moreira, taking him to the ground using a  takedown procedure that had not been approved by the Pawtucket police department, punching him, pushing his face into the

1

ground, and choking him. By Officer Dolan's own admission, Officer Dolan threatened to make Mr. Moreira "go to sleep" while they were on the ground.

2.      At Mr. Moreira's criminal trial, the trial judge did not credit Officer Dolan's testimony that Mr. Moreira had assaulted him or acted disorderly. The trial judge further stated that Officer Dolan was the "only" "driving" force behind the incident and that he hoped the City of Pawtucket would better train Officer Dolan for the future. Upon information and belief, the City of Pawtucket had received multiple complaints about Officer Dolan's use of unreasonable force prior to his assault on Mr. Moreira and yet had failed to further adequately train, supervise, or discipline him.

## Parties

3.      Plaintiff Michael Moreira is, and was at all times relevant to this complaint, a resident of Pawtucket, Rhode Island

4.      Defendant Daniel Dolan, Jr. was a duly appointed officer of the Pawtucket Police Department at all times relevant to this Complaint. His actions alleged in this Complaint were taken under color of the laws of the State of Rhode Island and the City of Pawtucket. He is sued in his individual capacity.

5.      Defendant City of Pawtucket (the "City") is a duly incorporated municipality within Providence County and the State of Rhode Island.  At all relevant times, the City has been the governing entity for the law enforcement agency known as the Pawtucket Police Department (the "Department").

6.      Defendant Christopher Rosa is being sued under state law in his representative capacity pursuant to R.I. Gen. Laws § 45-15-5, as current Treasurer of the City of Pawtucket. Should another individual occupy that position, this suit shall continue against said individual in his/her representative capacity.

## Jurisdiction & Venue

7.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims. 28 U.S.C. § 1367 provides supplemental jurisdiction over the state claims.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Rhode Island.

## Factual Allegations

9.      The preceding paragraphs are incorporated by reference as if set forth fully herein.

10.     Before filing this action, Plaintiff complied with R.I. Gen. Laws § 45-15-5. More than forty (40) days have elapsed since Plaintiff made presentment of the state claims without receiving just and due compensation from the City.

11.     Mr. Moreira has owned a three-unit, multistory home in Pawtucket, Rhode Island since 2003. He was living in that home with his family, including four children, on July 10, 2019.

12.     On or about July 10, 2019, Mr. Moreira had the day off from work and intended to take his family to a waterpark that morning.

3

13.     At or around 7:30 a.m., Mr. Moreira noticed that utility vehicles were parked in a location blocking entrance and egress from his residential driveway, where his car was parked.

14.     Mr. Moreira exited his home and approached a group of utility workers and Officer Dolan, a Pawtucket Police officer working detail at the site, who were standing on the sidewalk near his driveway.

15.     Mr. Moreira told them that he needed access from his driveway to the street, because he would be leaving in his car soon. He further told them that he would be receiving a delivery to his home later in the day. Mr. Moreira was told that the utility workers would move their vehicles once he was ready to leave his home by car.

16.     During this exchange, one of the utility workers asked Mr. Moreira for permission to park a utility truck in his driveway. Mr. Moreira said no.

17.     Mr. Moreira returned into his home. Shortly thereafter, he looked out his window and observed a utility truck parked in his driveway. Mr. Moreira exited his home and walked to a group of utility workers at the end of his driveway. Mr. Moreira asked who was in charge.

18.     Officer Dolan appeared from behind a truck in the street. Mr. Moreira asked the officer if he could speak with him. Mr. Moreira complained that the truck was now parked in his driveway even though he had explicitly told the utility workers they could not do so. Mr. Moreira told Officer Dolan the utility workers had to move the truck.

19.     Officer Dolan said, "What a country, what a country." He told Mr. Moreira that the utility work benefited him. Officer Dolan said he would speak to the utility workers and walked away.

20.     Officer Dolan returned and told Mr. Moreira something like, "You want those trucks moved now? You make the call."

21.     Mr. Moreira asked who he was supposed to call. He expressed frustration that Officer Dolan did not himself tell the utility workers to move the truck from Mr. Moreira's driveway. He asked for Officer Dolan's name and badge number and told Officer Dolan that he intended to call his superior. Mr. Moreira turned to walk toward his home to call the Pawtucket Police Department.

22.     As Mr. Moreira was walking back toward his home, Officer Dolan charged at him and informed Mr. Moreira he was under arrest.

23.     Mr. Moreira put his hands in the air. Officer Dolan told Mr. Moreira to put his hands behind his back. Mr. Moreira asked what he was being arrested for because he had not done anything.

24.     Even though Mr. Moreira did not use or threaten physical force, and his hands were raised above his head upon being told he was being arrested, Officer Dolan punched Mr. Moreira in his left eye.

25.     Officer Dolan brought Mr. Moreira face down to the ground. According to Officer Dolan's testimony at Mr. Moreira's criminal trial, Officer Dolan did not follow any specific (approved) law enforcement technique when doing the takedown.

26.     Officer Dolan punched Mr. Moreira multiple times and pushed Mr. Moreira's face into the ground. He pulled Mr. Moreira's dreadlocks. This caused Mr. Moreira multiple injuries, including but not limited to injuries to his face.

27.     According to Officer Dolan's testimony at Mr. Moreira's criminal trial, Officer Dolan wrapped his legs around Mr. Moreira's torso and put his arms around Mr. Moreira's head and neck area. Officer Dolan told Mr. Moreira that if he did not put his hands behind his back, he was "going to go to sleep." Officer Dolan testified at Mr. Moreira's trial that the words, "go to

sleep," in this context meant that he was telling Mr. Moreira that he was going to choke him out. Officer Dolan further testified that he knew that chokeholds were against policy.

28.     Officer Dolan put Mr. Moreira into a chokehold. Officer Dolan was pushing into Mr. Moreira's back, likely with his knee. Mr. Moreira struggled to breathe. Mr. Moreira did not resist physically.

29.     Officer Dolan further testified at trial that he delivered three to five strikes to the side of Mr. Moreira's face.

30.     Officer Dolan handcuffed Mr. Moreira.

31.     Mr. Moreira's family, including his young children, emerged from their home and became emotional at the sight of Mr. Moreira being beaten by Officer Dolan. They begged Officer Dolan to stop and recorded the assault on their cell phones. The video shows Mr. Moreira's young son pleading, "He can't breathe!" Utility workers also came over.

32.     Even though Mr. Moreira was handcuffed, Officer Dolan did not take him directly to the police car. Officer Dolan pushed Mr. Moreira up against a utility vehicle. Cell phone video shows Officer Dolan's arm around the front of Mr. Moreira's neck. Mr. Moreira can be heard on the tape saying he cannot breathe.

33.     Officer Dolan then pushed Mr. Moreira against the police car. Video shows Mr. Moreira handcuffed, standing still, and complying while Officer Dolan tells him "Stop!" multiple times. Mr. Moreira stated he was not moving, and Officer Dolan stated, "You're still fighting me." In spite of Officer Dolan's contention that Mr. Moreira was "fighting" him, Officer Dolan took one hand off of Mr. Moreira seconds later. Mr. Moreira remained still.

34.     Mr. Moreira was transported to the police station. While in custody, Mr. Moreira was transported to a hospital for treatment of his injuries.

35.     Officer Dolan wrote a police report about the incident. In the report, Officer Dolan made multiple false claims, including that Mr. Moreira had chest bumped him and pushed him.

36.     Officer Dolan caused Mr. Moreira to be charged with multiple crimes, including Assault and Battery on an Officer, Resisting Arrest, and Disorderly Conduct.

37.     At Mr. Moreira's criminal trial in the Rhode Island District Court, Officer Dolan provided testimony in conflict with the video evidence and his police report.

38.     The trial judge credited testimony of a utility worker over Officer Dolan with respect to the Assault and Battery Charge and Disorderly Conduct charges.

39.     Ultimately, the Resisting Arrest charge against Mr. Moreira was dismissed in the Rhode Island Superior Court.

40.     The District Court trial judge commented that "the only thing" "driving" the incident was Officer Dolan. He stated, "Police officers should be more equipped, better trained, and hopefully have a better understanding to diffuse a situation rather than to incite a situation." He said he hoped this incident would be a lesson learned for Officer Dolan.

41.     The District Court trial judge further opined that Officer Dolan needed "a little more experience on how to deal with people coming across to him wrongly or correctly as agitated . . . I hope that at some point in time there's a discussion with not just him but maybe his supervisor on how to handle things a little bit more appropriately."

42.     Upon information and belief, before July 10, 2019, the City of Pawtucket has received numerous citizen complaints regarding Officer Dolan's use of unreasonable force and tendency toward aggression.

43.     Upon information and belief, the City of Pawtucket failed to adequately

discipline, supervise, and train Officer Dolan in the face of these multiple complaints.

44.     Mr. Moreira has suffered multiple damages as a result of Officer Dolan's use of unreasonable force and the City's failure to adequately discipline, supervise, and train Officer Dolan, including but not limited to physical, emotional, and financial injuries. As a father, Mr. Moreira has suffered the emotional pain knowing that his young children saw him being beaten by a police officer as he lay helpless on the ground, while they could do nothing to stop it.

## COUNT  I
### Violation of First, Fourth, and Fourteenth Amendment
### (42 U.S.C. § 1983) against Defendant Daniel Dolan, Jr.

45.     The above paragraphs are incorporated by reference.

46.     Defendant Daniel Dolan, acting under color of law, used unreasonable force against Mr. Moreira.

47.     Defendant Dolan acted with reckless disregard for Plaintiff's constitutional rights.

48.     Defendant Dolan's actions deprived Mr. Moreira of his clearly established right under the Fourth Amendment, as applied under the Fourteenth Amendment, to be free from unreasonable force by police officers.

49.     Defendant Dolan would not have used unreasonable force or arrested Mr. Moreira but for his desire to retaliate against Mr. Moreira for questioning Defendant Dolan's conduct, asking for his badge number, and saying he intended to contact Officer Dolan's supervisor.

50.     Defendant Dolan's actions deprived Mr. Moreira of his clearly established right to be free from retaliatory actions by police officers for engaging in protected First Amendment activity, as applied under the Fourteenth Amendment.

51.     As a direct and proximate result of Defendants' actions, Mr. Moreira suffered the damages described above.

## COUNT II
## Violation of First, Fourth, and Fourteenth Amendment
## (42 U.S.C. § 1983) against Defendant Daniel Dolan, Jr.

52.     The above paragraphs are incorporated by reference.

53.     Defendant City of Pawtucket, by and through its agents, failed to adequately train, supervise, and discipline Officer Dolan in spite of the City having received numerous complaints about his use of unreasonable force.

54.     Defendant City of Pawtucket's failure to adequately train, supervise, and discipline Officer Dolan despite the multiple complaints of misconduct constituted a custom, policy, or practice ratifying his repeated aggression and use of unreasonable force against the public.

55.     Defendant City of Pawtucket's lack of action to protect the public amounted to deliberate indifference to the rights of those whom Officer Dolan came into contact, including Plaintiff.

56.     As a direct and proximate result of Defendant City of Pawtucket's failure to adequately train, supervise, and discipline Officer Dolan, Plaintiff's rights under the First, Fourth, and Fourteenth Amendments were violated.

57.      As a direct and proximate result of Defendant City of Pawtucket's failure to adequately train, supervise, and discipline Officer Dolan, Plaintiff suffered physical, emotional, and financial injuries, as described above.

## COUNT III
## Assault Under State Law against
## Defendants Daniel Dolan, Jr. and the City of Pawtucket

58.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

59.     By engaging in a physical act of a threatening nature and/or offering corporal

injury, Defendant Daniel Dolan intended to cause, and did cause, Mr. Moreira to suffer reasonable apprehension of an imminent bodily harm.

60.    Defendant City of Pawtucket is vicariously liable for the actions and/or omissions of Defendant Dolan, who at all times relevant to this claim was an employee and/or agent of the City and was acting within the course and scope of his employment and agency.

61.    The City of Pawtucket is directly liable for failing to provide adequate training, supervision, and discipline to Defendant Dolan with respect to the reasonable use of force.

62.    As a direct and proximate result of Defendants' acts and/or omissions, Mr. Moreira suffered the damages described above.

## COUNT  IV
### Battery Under State Law against
### Defendants Daniel Dolan, Jr. and the City of Pawtucket

63.    The preceding paragraphs are incorporated by reference as if set forth fully herein.

64.    Defendant Daniel Dolan used unreasonable force upon Mr. Moreira without Mr. Moreira's consent.

65.    Defendant City of Pawtucket is vicariously liable for the actions and/or omissions of Defendant Dolan, who at all times relevant to this claim was an employee and/or agent of the City and was acting within the course and scope of his employment and agency.

66.    The City of Pawtucket is directly liable for failing to provide adequate training, supervision, and discipline to Defendant Dolan with respect to the reasonable use of force.

67.    As a direct and proximate result of Defendants' acts and/or omissions, Mr. Moreira suffered the damages described above.

## COUNT VI
### State Law Negligence against City of Pawtucket

68. The preceding paragraphs are incorporated by reference as if set forth fully herein.

69. At all times, Defendant City of Pawtucket owed members of the public, including Mr. Moreira, the duty to act with reasonable care, including but not limited to adequately training, supervising, and disciplining employees the use of reasonable force and providing training, supervision and discipline to its employees regarding the constitutional requirement that persons be arrested only upon probable cause.

70. Defendant City of Pawtucket breached the duty of care by failing to provide training, supervision, and discipline to its employees regarding the use of reasonable force and the constitutional requirement that persons be arrested only upon probable cause.

71. To the extent any of the foregoing allegations of negligence are inconsistent with the allegations in support of Plaintiff's claims against the City of Pawtucket under 42 U.S.C. § 1983, the allegations of negligence are pleaded in the alternative, consistent with Rule 8(d)(2) of the Federal Rules of Civil Procedure.

72. As a direct and proximate result of Defendant's acts and/or omissions, Mr. Moreira suffered the damages described above.

## COUNT VII
### State Law False Arrest and Imprisonment against
### Defendants Daniel Dolan, Jr. and the City of Pawtucket

73. The preceding paragraphs are incorporated by reference as if set forth fully herein.

74. Defendant Daniel Dolan intentionally confined Mr. Moreira without his consent and without probable cause.

75.     Mr. Moreira was conscious of the confinement.

76.     The City of Pawtucket is vicariously liable for the actions and/or omissions of Defendant Dolan, who at all times relevant to this claim was an employee and/or agent of the City and was acting within the course and scope of his employment and agency.

77.     The City of Pawtucket is directly liable for Mr. Moreira's false arrest and confinement for failing to provide supervision and discipline to its employees regarding the constitutional requirement that persons be arrested only upon probable cause.

78.     As a direct and proximate result of Defendant's acts and/or omissions, Mr. Moreira suffered the damages described above.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michael Moreira prays that a judgment for the following relief be entered in his favor and against Defendants:

a.  all reasonable compensatory damages, including for personal injury, medical bills, mental anguish, emotional distress, pain and suffering, lost wages, and loss of earning capacity;

b.  punitive damages against Defendant Daniel Dolan;

c.  reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and for the prosecution of the Plaintiff's 42 U.S.C. § 1983 claims;

d.  legal interest; and

*[INTENTIONALLY LEFT BLANK]*

e.  such other and further relief as this Honorable Court deems right and just.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

PLAINTIFF,
Michael Moreira,
By his Attorney,

/s/ Georgi J. Vogel-Rosen
Georgi J. Vogel-Rosen        Bar No. 9506
BIANCHI & BROUILLARD, P.C.
The Hanley Building
56 Pine Street, Suite 250
Providence, R.I. 02903
Tel: 401-854-9928
Fax: 877-548-4539
Email: gvogelrosen@bbsolaw.com